## Yankoskie v. Lenker

*Carol J. Coyne,* for petitioner.
No appearance for respondent.

ROSINI, *J.,*October 8, 1986—Petitioner, Linda A. Yankoskie, filed a petition for protection from abuse on June 16, 1986. The court entered a temporary order pending a hearing to be held June 25, 1986.

After hearing, the court determined that the Protection from Abuse Act did not apply as the parties did not reside together, and respondent, Samuel Marlin Lenker, did not have the legal right to access to the residence.

An order dismissing the petition was entered on June 25, 1986, and on July 22, 1986, the court denied petitioner's motion for post-trial relief.

Petitioner filed a notice of appeal with the Superior Court on August 18, 1986, and an application for injunction pending appeal on August 19, 1986, with a hearing held September 10, 1986.

The petition for injunction is brought under the authority of Pa.R.A.P. 1701(b)(1) and 1732(a) alleging that the only way to preserve the "status quo" is for the court to enjoin respondent from abusing, threatening or harassing petitioner or children and excluding respondent from the residence pending the appeal.

In addition to the standard argument concerning the court's equitable power, petitioner put forth argument that numerous courts have issued injunc-

tions under these exact circumstances and advised the court that authority would be provided.

When provided, these authorities were of little help to the court. *Marjorie J. Evans, on behalf of her minor children, v. Charles Lee Evers*, No. 86-21191, Lycoming County, although captioned "In Equity" clearly sets forth in paragraph one of the petition that it is brought pursuant to the Protection From Abuse Act.

*Kenetta K. Andrews v. Raymond L. Sye*, No. 85-20530, Lycoming County, is of little assistance since although it seems to be brought in equity, the resulting order is by agreement of the parties and it is certainly not a request for injunction pending appeal.

The only case provided which is on a parallel with the case at bar is *Karen A. Squires v. Randy J. Piazza*, 1985-CE-4496, Northampton County. The problem is that although counsel has provided the court with a copy of the preliminary injunction, the court discovered that the matter ended with a voluntary non suit.

It is the opinion of the court that the granting of the petition for injunction pending appeal would only circumvent the Abuse Act and, in effect, reverse this court's opinion that petitioner is not entitled to relief.

The status quo is, in fact, that the parties are in the same position now as they were prior to the filing of the abuse action and we do not feel that sufficient evidence has been provided to change this.

The court therefore enters the following

## ORDER

And now, this October 8, 1986, petitioner's application for injunction pending appeal is denied.